**E-FILED**
Thursday, 30 June, 2011 03:13:23 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

| | | |
|---|---|---|
| CITY OF GREENVILLE, ILLINOIS, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 11-mc-2025 |
| SYNGENTA CROP PROTECTION, INC., and SYNGENTA AG, | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Third Party Subpoena Respondent Prairie Rivers Network's Motion to Quash Subpoena for Documents and Deposition (d/e 1). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

The Plaintiffs in the underlying action are municipalities municipal water companies that are bringing a class action against Defendants Syngenta Crop Protection, Inc. (Syngenta Crop), and Syngenta AG for injuries arising from the Defendants manufacture and sale of the herbicide atrazine. The action is pending in the U.S. District Court for the Southern

District of Illinois. City of Greenville v. Syngenta Crop Protection, Inc., SDIL Case No. 10-00188-JPG-PME (Underlying Action).

Syngenta AG filed a motion to dismiss for lack of jurisdiction in the Underlying Action. Plaintiffs filed an opposition to the motion which included a large number of documents filed under seal. Prairie Rivers Network (Prairie), the Environmental Law and Policy Center (Environmental), filed a motion to intervene in order to seek the unsealing of the documents filed by the Plaintiffs. See Defendant Syngenta Crop Protection LLC's Brief in Opposition to Motion to Quash Subpoena (d/e 9) Response), at 4-5. Syngenta Crop then served a subpoena on Prairie in this District for the production of documents and a Rule 30(b)(6) deposition of Prairie. Motion, Exhibit A, Rule 30(b)(6) Notice of Deposition and Subpoena to Prairie. Prairie is located in this District. Syngenta Crop served a similar subpoena on Environmental in the Northern District of Illinois. Motion, Exhibit B, Rule 30(b)(6) Notice of Deposition and Subpoena to Environmental.

Syngenta Crop subpoenaed Prairie to try to discover Prairie's motives for seeking to intervene and unseal the documents. Syngenta Crop suspects that Prairie is colluding with the Plaintiffs to use the Underlying Action as a vehicle to make Syngenta's confidential documents

public.  Syngenta Crop suspects that the Plaintiffs filed the documents under seal solely to let Prairie and Environmental attempt to intervene and seek to have the documents unsealed.  Response, at 4-5.

Syngenta Crop also sought an extension of time in the Underlying Action to respond to motions to intervene filed by Prairie and Environmental to conduct the discovery sought pursuant to the subpoenas served on Prairie and Environmental.  The District Court in the Underlying Action denied this request.  Underlying Action, Order entered April 19, 2011 (April 19 Order).   A copy of the April 19 Order is attached to this Opinion as an appendix.  The District Court determined that the discovery sought by Syngenta Crop was unnecessary to address the issues raised by Prairie and Environmental's requests to intervene.  The District Court stated, "Despite its suspicion the plaintiffs and the potential intervenors may be working together, [Syngenta] has not given any valid reason it is unable to prepare a timely opposition to the motion to intervene that addresses the relevant factors under Federal rule of Civil Procedure 24(b)(1)(B)."  Id.   Prairie has now moved in this Court to quash the subpoena issued to it.

ANALYSIS

This Court must quash or modify a subpoena that imposes an undue burden on the person or entity subject to the subpoena. Fed. R. Civ. P. 45(c)(3)(A)(iv). An undue burden exists when the subpoena seeks information that is not relevant to the case. See CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 993 (7th Cir. 2002) (a subpoena should be quashed when the information sought is not relevant to a material issue in the case.). In this case, at this point in time, the relevant issue is Prairie's request to intervene. The subpoena causes an undue burden on Prairie because the District Court in the Underlying Action has already determined that the discovery is unnecessary to decide this issue.

The motives of Prairie may or may not be relevant to the motion to unseal documents, but that question is properly addressed later. If the District Court in the Underlying Action denies the motion to intervene, then Prairie's motives for seeking intervention is moot. If the motion to intervene is allowed, then Prairie will be a party to the Underlying Action and Syngenta Crop may conduct the deposition and propound discovery without the need of the subpoena. The District Court in the Underlying Action can then decide discovery issues and will be in a better position to decide those issues in a manner consistent with the other rulings in the

overall case. Because the proposed discovery is not necessary at this juncture, the subpoena causes an undue burden on Prairie and must be quashed.

WHEREFORE, Third Party Subpoena Respondent Prairie Rivers Network's Motion to Quash Subpoena for Documents and Deposition (d/e 1) is ALLOWED. The subpoena issued to Prairie Rivers Network is QUASHED. CASE CLOSED.

ENTER: June 30, 2011

    *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE